UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re  Case No. 11-80632-WRS
 Chapter 13
SHAWQUALE NOLAN,

    Debtor

## MEMORANDUM DECISION

These Chapter 13 cases came before the Court for hearing on December 14, 2011, on nearly identical motions for relief from the automatic stay filed by Gil's Auto Sales.[1] (11-80452, Doc. 21–Meriweather), (11-80632, Doc. 25–Nolan). For the reasons set forth below, both motions are denied.

### I. FACTS

#### A. Meriweather

Ronald Meriweather filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on March 25, 2011. (11-80632, Doc. 1). Meriweather filed a Chapter 13 Plan with his petition which provided for Gil's Auto Sales as the holder of a secured claim paid through the Plan. Under the Plan, Gil's Auto's secured claim is also a "910 claim," to be paid in full, with interest, over the life of the Plan. (Doc. 2).[2] Gil's Auto was listed in Meriweather's

---

[1] It is not clear from the record what kind of entity Gil's Auto actually is. Gil's Auto does not indicate anywhere that it is a corporation. It is always a good practice for a party to identify itself and describe what kind of entity it is.

[2] Claims secured by a purchase money security interest in a motor vehicle, for personal use, where the vehicle was purchased within 910 days of the date of the petition, are to be paid in full. 11 U.S.C. § 1325. In other words, the holders of "910 claims" are not subject to lien modification. See 11 U.S.C. § 506.

schedules and on the mailing matrix.  Gil's Auto does not contend that it did not receive timely notice of the bankruptcy filing or Meriweather's Chapter 13 Plan.  On June 21, 2011, the Court confirmed Meriweather's Plan.

Four months after confirmation of the Plan, Gil's Auto filed the instant motion seeking relief from the automatic stay.  (Doc. 21).  In the motion, Gil's Auto contends that it owns the automobile in question, a 2002 Chevrolet Tahoe, and that Meriweather holds only a leasehold interest in the vehicle.  Thus, there is a difference in how Gil's Auto and Meriweather views the form of the transaction.  Gil's contends that it is a lease, while Meriweather contends that he purchased the vehicle and that Gil's holds a security interest.  At the December 14 hearing, Meriweather's counsel argued that Gil's did not have a "true lease" but rather a disguised security interest.

More remarkable than the dispute as to the nature of the underlying contract, was the position taken by Gil's regarding the vehicle.  In Paragraph 5 of the motion, Gil's states that: "according to Movant's best information, knowledge and belief, this vehicle, as it is a lease, remains titled property of the Movant and is not subject to bankruptcy protection.  Movant is not aware of any other liens encumbering the vehicle."  Gil's Auto argues both in its motion, and at the December 14 hearing, that the Chevrolet Tahoe was "not part of the bankruptcy because the Debtor does not own it."  It is significant to note that Gil's Auto does not allege a lack of adequate protection nor does it allege a breach of the lease agreement - it's position is simply that the Bankruptcy Court does not have any business telling Gil's what it can do with the Tahoe, because it is Gil's Tahoe.

2

Case 11-80632    Doc 33    Filed 01/09/12    Entered 01/09/12 13:23:58    Desc Main
Document      Page 2 of 9

### B. Nolan

On May 3, 2011, Shaquale Nolan filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code. (11-80632, Doc. 1). On the same day, Nolan filed a Chapter 13 Plan which provided for a secured claim for Gil's Auto on a 2002 Nissan Maxima. (Doc. 2). Gil's Auto was listed in the schedules and the mailing matrix and, as in Meriweather's case, Gil's Auto did not object to confirmation. On July 21, 2011, the Court confirmed Nolan's Chapter 13 Plan. (Doc. 19).

On October 7, 2011, Gil's Auto filed a motion for relief from the automatic stay in Nolan's case. (Doc. 25). Except for the description of the vehicle, the motion filed in Nolan's case is identical to the motion filed in Meriweather's case.

### II. LAW

#### A. A debtor's leasehold interest in a vehicle is property of the estate which is protected by the automatic stay

Gil's Auto seeks a declaration to the effect that the Debtors' leasehold interest in their automobiles "is not subject to protection under the Bankruptcy Code." A review of pertinent sections of the Bankruptcy Code will show that Gil's Auto's position is without merit. To begin, when a Debtor files a petition in bankruptcy, an estate is created. "The commencement of a case under section 301 . . . of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). The argument of

3

Case 11-80632    Doc 33    Filed 01/09/12    Entered 01/09/12 13:23:58    Desc Main
Document      Page 3 of 9

Gil's Auto, that the Debtor must hold full and unencumbered legal title to property for it to become part of the estate, is without merit. The Debtors' interests in the vehicles, whether full title ownership, subject to a security interest in favor of Gil's Auto, or a leasehold interest in property owned by Gil's Auto, are property of the estate. See generally Theokary v. Abbatiello (In re Tehokary), 444 B.R. 306, 315-16 (Bankr. E.D. Pa. 2011) (The debtor's leasehold interest in horses was property of the estate and protected by the automatic stay.); In re Wyatt, 173 B.R. 698, 702 (Bankr. D. Idaho 1994) (The court found that the lessor failed on it's motion for relief from stay because the lessor incorrectly argued that the debtor's leasehold interest in a vehicle is not property of the estate; a debtor's leasehold interest is property of the estate.).

Gil's Auto's argument is weakened further when one looks at the Code's automatic stay provisions. Upon the filing of a petition in bankruptcy, an automatic stay comes into existence. "[A] petition filed under section 301 . . . operates as a stay, applicable to all entities, of- . . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a). Thus, Gil's Auto is subject to the automatic stay. However, § 362 goes on to further discredit Gil's Auto's argument with its specific treatment of nonresidential real property leases. Section 362(b)(1) provides that:

> the filing of a petition under section 301 . . . does not operate as a stay- . . . (10) under subsection (a) of this section, of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property.

11 U.S.C. § 362(b)(10). That Congress created a narrow exception to the automatic stay for nonresidential real property leases that terminated prior to the date of the petition further suggests

4

that other leases, which are not within the narrow scope of § 362(b)(10), are subject to the automatic stay. Were it not so, the exception contained in § 362(b)(10) would not be necessary.

Most crushing to Gil's Auto's argument is § 365's explicit treatment of executory contracts and unexpired leases. Section 365(a) provides, in part, that "the trustee, subject to the Court's approval, may assume or reject any executory contract or unexpired lease of the debtor." Section 365 is one of the longest and most complicated sections of the Bankruptcy Code. While subsection (a) is quite simple, providing that the trustee may assume or reject an unexpired lease, the details as to how, when and under what conditions this may happen can get quite complex. If leased vehicles were not subject to the bankruptcy laws, then § 365 would be superfluous.

There is a considerable body of law interpreting § 365, but not surprisingly, the lawyer for Gil's Auto could not cite one case in support of his position. However, a brief search revealed numerous cases against Gil's Auto's position, not only addressing the extent of §365's reach, but also repeatedly finding that leases are property of the estate. See e.g., In re Project Orange Associates, Inc., 432 B.R. 89, 102 (Bankr. S.D.N.Y. 2010) (Debtor's leasehold interest in real property was property of the estate and protected by the automatic stay.); In re Village Rathskeller, Inc., 147 B.R. 665, 669 (Bankr. S.D.N.Y. 1992) ("It is axiomatic that a tenant's unexpired leasehold interest constitutes property of the tenant's bankruptcy estate and is subject to protection by the automatic stay.); In re Coates, 108 B.R. 823 (Bankr. M.D. Ga. 1989) (Landlord was liable for damages for violation of automatic stay for continuing action against tenant who filed bankruptcy.); In re Lile, 103 B.R. 830, 837 (Bankr. S.D. Tex. 1989) (An unexpired lease is property of the estate and subject to protection of automatic stay.); 48th Street

5

Steakhouse, Inc. v. Rockerfeller Center, Inc., (In re 48th Street Steakhouse), 61 B.R. 182, 187 (Bankr. S.D.N.Y. 1986) (A leasehold interest is property of estate subject to automatic stay.).

The argument advanced by Gil's Auto here—leased property is not subject to protection of the bankruptcy laws—has been advanced more than a few times in recent years, sometimes by pro se creditors and other times by lawyers who do not suffer from the disadvantage of having made a study of the Bankruptcy Code. This argument is not just without merit, it is frivolous and probably a violation of Bankruptcy Rule 9011. Bankruptcy law is complicated and not to be undertaken light-heartedly. If a lawyer is retained to represent a client in bankruptcy court, the lawyer should be aware of the Code's provisions and at the very least, have done research to present a coherent, logical legal argument.

### B. A confirmed chapter 13 plan is binding on all creditors for all issues determined by the confirmation order.

Not only is Gil's Auto wholly incorrect in their assertion that leases are not part of the bankruptcy process, but whether they have a lease or a security agreement has been raised too late. Once confirmed, a chapter 13 plan binds the debtor and his creditors to the terms of the plan on any issue "actually litigated by the parties and any issue necessarily determined by the confirmation order[.]" 8 Collier on Bankruptcy ¶ 1327.02 (16th Ed. 2011). "A plan proposed under Bankruptcy Code [] Chapter 13 becomes effective upon confirmation . . . and will result in a discharge of the debts listed in the plan if the debtor completes the payments the plan requires." United Student Aid Funds, Inc. v.Espinosa, 130 S.Ct. 1367, 1370, 176 L.Ed.2d 158 (2010); 11 U.S.C. §§ 1324, 1325, 1328(a). A confirmed chapter 13 plan is a final judgment. Id. at 1376.

6

The most notable enforcement of the binding effect of a confirmed chapter 13 plan is the Supreme Court recent decision in United Student Aid Funds, Inc. v. Espinosa. In Espinosa, the debtor had a chapter 13 plan confirmed that paid the debtor's student loan principal balance in full and discharged the interest payments. Id. at 1374. The creditor received notice of the proposed plan prior to confirmation, did not appear at the confirmation, and did not object to its treatment under the plan. While student loans are nondischargeable absent a finding of undue hardship under 11 U.S.C. § 523(a)(8) and the court was responsible for ensuring that the plan conformed with the requirements of the Code, the creditor had notice and an opportunity to object to the plan and did not and thus was bound by the plan. Id. at 1378-80; see also City of New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 296-97, 73 S.Ct. 299 (1953) (If a creditor does not receive adequate notice of a plan, it is not bound by the plan.)

Moreover, the treatment of creditor's claim under the plan is an issue regularly found to be necessarily determined by the confirmation order. See generally IMPAC Funding Corp. v. Simpson (In re Simpson), 240 B.R. 559 (B.A.P. 8th Cir. 1999); United States v. LaForgia (In re LaForgia), 241 B.R. 351 (Bankr. M.D. Pa. 1999); HSPC, Inc. v. Wakefield (In re Wakefield), 217 B.R. 967, 972 (Bankr. M.D.Ga. 1998). Specifically, the facts of this case are nearly identical to those in the case, In re Durham, 260 B.R. 383 (Bankr. D.S.C. 2001). In Durham, the debtor had leased a vehicle. As part of the debtor's plan, the debtor proposed to the treat the lease agreement as a sale transaction and a disguised security agreement, as opposed to a true lease. Durham, 260 B.R. at 384. The creditor received notice of the chapter 13 bankruptcy case, meeting of creditors, and deadlines. The proof of claim deadline was provided as was the date of

7

Case 11-80632    Doc 33    Filed 01/09/12    Entered 01/09/12 13:23:58    Desc Main
Document    Page 7 of 9

the confirmation of the chapter 13 plan. The creditor timely filed a claim, before the debtor filed a plan. The claim stated that the lease was an executory contract, but also that the creditor had a secured claim. The creditor received notice of the filed plan, which treated its claim as a security agreement, and knew of the date of the confirmation hearing. The creditor did not object to the plan and did not attend the hearing. Id. at 385-86.

Five months after the confirmation of the plan, the creditor filed a motion to reconsider and a motion for relief from automatic stay arguing that it was improperly treated as a secured creditor. The court held that because the creditor received notice of the plan and confirmation hearing, but did not file an objection or object at the hearing, the creditor's due process requirements were satisfied and the res judicata effect of the plan bound the creditor the terms of the plan. Id. at 391-92.

The only difference between Durham and the two cases at hand is that in Durham, the creditor timely filed a proof of claim. Here, the proof of claim deadlines were in August and September, 2011. Gil's Auto filed its proofs of claim in January, 2012. Moreover, these proofs of claim came almost three months after Gil's Auto filed its motions for relief. However, like Durham, the docket shows that Gil's Auto was given notice of the bankruptcy filing, the chapter 13 plan, confirmation date, and subsequent deadlines. Also like Durham, Gil's Auto does not contend that any of those notices were in anyway inadequate. Therefore, the Court sees no basis for disturbing the binding effect of the Debtors' chapter 13 plans. Gil's Auto slept on its rights and now must suffer the consequences.

8

### III. CONCLUSION

Gil's Auto's Motions for Relief from Stay are denied for two reasons: first, a lease is subject the power of the bankruptcy court; and second, Gil's Auto slept on its rights in failing to object to its treatment under both chapter 13 plans, despite having received adequate notice. Therefore, Meriweather's and Nolan's chapter 13 plans are binding under 11 U.S.C. § 1327(a), <u>res judicata</u>, and the decisions in <u>Espinosa</u> and <u>In re Durham</u>. Gil's Auto's Motions for Relief from Stay are hereby DENIED. The Court will enter orders by way of a separate documents.

Done this 9th day of January, 2012.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: David S. Clark, Attorney for Debtor
   Richard M. Kemmer III, Attorney for Movant
   Curtis C. Reding, Trustee